UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **ERIC DEJUAN BAULKMAN** | **CIVIL ACTION NO. 5:15-cv-1411** |
| **LA. DOC #538319** | |
| **VS.** | **SECTION P** |
| | **JUDGE S. MAURICE HICKS** |
| **WARDEN TIMOTHY MORGAN** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* petitioner Eric Dejuan Baulkman, an inmate in the custody of Louisiana's Department of Corrections, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on April 22, 2015. Petitioner attacks his 2010 conviction for possession with intent to distribute marijuana, his subsequent adjudication as a habitual offender and the hard labor sentence imposed thereon by the First Judicial District Court, Caddo Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

*Statement of the Case*

On January 27, 2010, petitioner was found guilty as charged of possession with intent to distribute marijuana. On March 4, 2010, he admitted to being a second offender; thereafter, he was adjudicated a second felony offender and sentenced to served 25 years. [Doc. 1, pp. 1-2; Doc. 1-2, pp. 8-22] He appealed his conviction arguing insufficiency of the evidence. On January 26, 2011, his conviction and sentence were affirmed by the Second Circuit Court of Appeal.

*State of Louisiana v. Eric Dejuan Baulkman*, 45,969 (La. App. 2 Cir. 1/26/2011), 57 So.3d 450. In a letter dated January 27, 2011, petitioner's appellate counsel sent a copy of the Court of Appeal's decision to petitioner and advised him that an application seeking further review in the Supreme Court must be filed within 30 days of the Court of Appeal's opinion. Counsel offered to prepare and file the application for an additional fee of $2,500. [Doc. 1-2, p. 2] On February 17, 2011, counsel filed the writ application [Doc. 1, p. 2] and on June 24, 2011, the Supreme Court denied writs without comment. *State of Louisiana v. Eric Dejuan Baulkman*, 2011-0360 (La. 6/24/2011), 64 So.3d 221. [Doc. 1-2, p. 7] Petitioner did not seek further direct review in the United States Supreme Court. [See Doc. 5, ¶9(h)]

Thereafter, counsel advised petitioner "... that in order for him to proceed further, by way of '*habeas corpus*', he would need additional funding." According to petitioner, "[t]hese terms and conditions [were] not agreed upon nor [was] that the understanding that the Petitioner ... and his Defense Attorney ... at the initial retainment." [Doc. 1, p. 2]

Sometime in July 2014 petitioner filed a "Motion for Correction of Illegal Sentence" in the District Court in which he asserted two claims for relief, (1) error in denying parole eligibility as an habitual offender and (2) unlawful double enhancement of sentence. [Doc. 5, ¶11] On September 22, 2014, petitioner filed a motion to quash the habitual offender bill. [Doc. 1-2, p. 23] On October 8, 2014, the "Motion" was denied by the District Court which noted that even if the pleading were construed as an application for post-conviction relief, it was subject to dismissal as untimely pursuant to La. C.Cr.P. art. 930.8. [Doc. 1-2, p. 25][1] On December 23, 2014, petitioner filed a "Motion to Quash the Habitual Offender Bill of Information" which

---

[1] Petitioner provided only the last page of a multi-page order.

argued 3 claims for relief – (1) petitioner was denied a habitual offender hearing; (2) he was not advised of his rights prior to admitting to his status as a second offender; and (3) he was not advised that his prior convictions could be used as a predicate offense in the habitual offender proceedings. On December 31, 2014, the District Court noted that the motion to quash was untimely and that petitioner's claims were without merit. The Court further noted that even if the pleading were construed as an application for post-conviction relief, it was still untimely and repetitive. [Doc. 1-2, pp. 23-24]

Petitioner filed an application for writs in the Second Circuit Court of Appeal on December 19, 2014. On January 22, 2015, the Court of Appeal denied writs noting,

> Applicant Eric Dejuan Baulkman seeks supervisory review of the trial court's denial of his application for post-conviction relief. The application is untimely; it was filed more than two years after the applicant's conviction and sentence became final and fails to prove any exception to the time limitations of La. C.Cr.P. art. 930.8. Further, the applicant's complaints are not cognizable on post-conviction relief. *State ex rel. Melinie v. State*, 93-1380 (La. 1/12/1996), 665 So.2d 1172; *State v. Cotton*, 2009-2397 (La. 10/15/2010), 45 So.3d 1030.[2]

*State of Louisiana v. Eric Dejuan Baulkman*, No. 49,917-KH. [Doc. 1-2, p. 6]

Petitioner apparently did not seek further review in the Louisiana Supreme Court.[3]

He filed the instant *pro se* petition on April 22, 2015. He raised the following claims, (1) ineffective assistance of counsel for failing to lodge a contemporaneous objection at the habitual offender hearing "after he discovered that the State had listed a prior conviction within

---

[2] La. C.Cr.P. art. 930.3 as interpreted by *State ex rel. Melinie v. State*, 665 So.2d 1172 (La.1996), and *State v. Cotton*, 25 So.3d 1030 (La.2010), prohibit post-conviction review of sentencing errors, including those during habitual offender proceedings.

[3] See Doc. 5, ¶15. The form petition for habeas corpus asks, "Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging." To which petitioner replied, "No."

3

the habitual offender bill of information which cannot be sued to seek an enhanced sentence under LSA-R.S.15:529.1, on the basis that the prior conviction affords its separate enhancement provisions, thereby prohibiting it from being relied upon in the adjudication process..."and, (2) "Petitioner ... was denied his protected rights of Due Process by his defense counsel's failure to lodge a contemporaneous objection on March 4, 2010 which waived the petitioner's appellate rights thereby denying him due process of law." [Doc. 1, p. 3]

### *Law and Analysis*

**1. Limitations – Section 2244(d)(1)(A)**

Title 28 U.S.C. §2244(d)(1)(A) was amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) to provide a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons such as petitioner, who are in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[4]

The statutory tolling provision of 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). Any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the

---

[4] Nothing herein suggests that limitations should be reckoned from any date later than the date of finality of judgment. Petitioner has not alleged the existence of any State-created impediments to filing; any newly recognized Constitutional right made retroactively applicable by the Supreme Court; nor, the recent discovery of the factual predicate of his claims.

one-year limitation period, as is the time between the termination of post-conviction proceedings and the filing of the federal petition. *Villegas v. Johnson,* 184 F.3d 467, 472 (5th Cir. 1999), citing *Flanagan v. Johnson*, 154 F.3d 196, 199 n. 1 (5th Cir.1998). Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner appealed his conviction to the Second Circuit Court of Appeal. On January 26, 2011, his conviction and sentence were affirmed and notice of judgment was mailed to his attorney. *State of Louisiana v. Eric Dejuan Baulkman,* 45,969 (La. App. 2 Cir. 1/26/2011), 57 So.3d 450.[5] His application for *certiorari* was denied by the Louisiana Supreme Court on June 24, 2011. *State of Louisiana v. Eric Dejuan Baulkman*, 2011-0360 (La. 6/24/2011), 64 So.3d 221. He did not seek further direct review in the United States Supreme Court. [Doc.1, ¶6(d)]

Petitioner's judgment of conviction and sentence became final for AEDPA purposes by "... the expiration of the time for seeking [further] direct review..." 90 days after the Louisiana Supreme Court denied writs on direct review, or, on or about September 24, 2011, when the time limits for seeking further direct review by filing a petition for *certiorari* in the United States Supreme Court expired. *See Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir.1999) (A state conviction "becomes final upon direct review, which occurs upon denial of *certiorari* by the Supreme Court or expiration of the period for seeking *certiorari*." Under Rule 13.1 of the Supreme Court Rules, the petitioner had ninety days from the Louisiana Supreme Court's judgment denying his petition for *certiorari* to file a petition for a writ of *certiorari* in the United States Supreme

---

[5] Petitioner did not provide a copy of the Notice of Judgment; however, the January 27, 2011, letter from his attorney indicates that counsel was in receipt of the Court of Appeal's opinion the day after it was rendered and therefore it must have been mailed no later than the previous day.

5

Court. *See Caspari v. Bohlen*, 510 U.S. 383, 390, 114 S.Ct. 948, 127 L.Ed.2d 236 (1994)).

Thus, the AEDPA limitations period began to run on September 24, 2011, and petitioner had one year, or until September 24, 2012, to file his *habeas corpus* petition. He was not able to toll limitations because by the time he filed his first motion to quash or application for post-conviction relief in July 2014 [see Doc. 5, ¶11(a)(3)] the limitations period had already long expired and could not be revived. *Compare Villegas v. Johnson,* 184 F.3d 467 (5th Cir. 1999). In other words, petitioner's petition is time-barred since more than one year elapsed un-tolled between the date his judgment of conviction became final and the date he filed his federal *habeas corpus* petition.

## 2. Equitable Tolling

The AEDPA's one-year limitation period is subject to equitable tolling but, only in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998), *cert. denied*, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999); see also *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). As noted by the Supreme Court, "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

Neither unfamiliarity with the legal process (whether the unfamiliarity is due to illiteracy or any other reason), ignorance of the law, nor even lack of representation during the applicable

6

filing period merits equitable tolling. See *Turner v. Johnson*, 177 F.3d 390, 291 (5th Cir.1999); see also *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir.1991) (age discrimination case).

In short, the circumstances alleged herein are not extraordinary enough to qualify for equitable tolling under § 2244(d)(1). "Equitable tolling applies principally where the plaintiff is <u>actively misled by the defendant</u> about the cause of action <u>or is prevented in some extraordinary way from asserting his rights</u>." *Coleman v. Johnson*, 184 F.3d 398, 402 (1999), *cert. denied,* 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000), (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996) (emphasis supplied). The pleadings do not suggest that petitioner was "actively misled" nor do they suggest that he was prevented in any way from asserting his rights.

Petitioner implies that he was of the belief that his retained trial counsel would represent him throughout these proceedings; however, by his own admission, he became aware that counsel would not represent him following the end of the direct review process when counsel insisted that further representation would necessitate the payment of an additional fee. In other words, petitioner has not alleged grounds sufficient to warrant the application of equitable tolling.

### 3. Exhaustion of State Court Remedies and Procedural Default

Even if the petition is not time-barred petitioner is still not entitled to relief. Federal *habeas corpus* review of state court convictions is limited by the intertwined doctrines of procedural default and exhaustion of state court remedies. Procedural default exists where (1) a state court clearly and expressly bases its dismissal of the petitioner's constitutional claim on a

state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, ("traditional" procedural default), or (2) the petitioner fails to properly exhaust all available state court remedies, and the state court to which he would be required to petition would now find the claims procedurally barred, ("technical" procedural default). In either instance, the petitioner is deemed to have forfeited his federal *habeas* claims. *Bledsue v. Johnson*, 188 F.3d 250, 254-55 (5th Cir.1999) citing *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1986) and *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999).

The federal *habeas corpus* statute and decades of federal jurisprudence require a petitioner seeking federal *habeas corpus* relief to exhaust all available state court remedies prior to filing his federal petition. 28 U.S.C. § 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Minor v. Lucas*, 697 F.2d 697 (5th Cir.1983); *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir.1999); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir.1999); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir.1998). In order to satisfy the exhaustion requirement, the petitioner must have "fairly presented" the substance of his federal constitutional claims to the state courts in a "procedurally proper manner." *Wilder v. Cockrell*, 274 F.3d 255, 259 (5 Cir.2001); *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Magouirk v. Phillips*, 144 F.3d 348, 360 (5th Cir.1998) citing *Richardson v. Procunier*, 762 F.2d 429, 431-32 (5th Cir.1985); *Mercadel*, 179 F.3d at 275 citing *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir.1988); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir.1982), *cert. denied*, 460 U.S. 1056, 103 S.Ct. 1508, 75 L.Ed.2d 937 (1983); *Deter v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993). Moreover, each claim must be presented to the state's highest court, even when review by

that court is discretionary. *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Magouirk*, 144 F.3d at 360 citing *Richardson*, 762 F.2d at 431-32. In Louisiana, the highest court is the Louisiana Supreme Court. *See* LSA – Const. Art. 5, §5(a) ("The Supreme Court has general supervisory jurisdiction over all other courts...")

Thus, in order for a Louisiana prisoner to have exhausted his state court remedies, he must have fairly presented the substance of his federal constitutional claims to the Louisiana Supreme Court in a procedurally correct manner. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir.1997), *cert. denied*, 523 U.S. 1139, 118 S.Ct. 1845, 140 L.Ed.2d 1094 (1998).

Petitioner did not properly exhaust any of his current *habeas corpus* claims by presenting them in a proper manner to the Louisiana Supreme Court. It also appears that petitioner would now be unable to return to the Louisiana courts to fully exhaust remedies in another round of post-conviction relief because any attempt would again be barred by the provisions of La. C.Cr.P. art. 930.8 which provides a two-year period of limitation (generally reckoned from finality of judgment) within which to file a timely application. Further, since petitioner's claims involve sentencing error or claims arising during the habitual offender hearing, he would be unable to advance those claims in a post-conviction proceeding. As previously noted, La. C.Cr.P. art. 930.3 as interpreted by *State ex rel. Melinie v. State*, 665 So.2d 1172 (La.1996), and *State v. Cotton*, 25 So.3d 1030 (La.2010), prohibit post-conviction review of sentencing errors, including those during habitual offender proceedings.

Thus, while State court remedies with respect to petitioner's *habeas* claims were not exhausted, these claims can be said to be "technically exhausted" since State court remedies are no longer available. A petitioner has "technically exhausted" his federal claim if he fails to

properly and timely present it to the state courts and is thereafter barred from seeking relief in those courts. *Magouirk v. Phillips*, 144 F.3d 348 (5th Cir.1998) citing *Coleman v. Thompson*, 501 U.S. 722, 731-33, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1986) and *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir.1995); *Coleman*, 111 S.Ct. 732, 735 fn. 1; *Bledsue*, 188 F.3d at 254-55; *Fuller v. Johnson*, 158 F.3d 903, 905-06 (5th Cir.1998). In such a case, however, there is no difference between non-exhaustion and procedural default. *Magouirk*, 144 F.3d at 358. Accordingly, when a petitioner fails to exhaust state court remedies and has allowed his federal claims to lapse, those claims are considered "technically" procedurally defaulted. *Id.*

Generally, federal *habeas* courts may not review the merits of these procedurally defaulted claims unless the petitioner demonstrates that he should be excused from application of the procedural default doctrine. This he can do by either cause and prejudice or that a miscarriage of justice will result from the denial of federal *habeas corpus* review. *See Finley*, 243 F.3d 215, 220-221 (5th Cir. 2001); *Coleman, supra; McCleskey v. Zant*, 499 U.S. 467, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991); *Moore v. Roberts*, 83 F.3d 699 (5th Cir.1996); *Gray v. Netherland*, 518 U.S. 152, 116 S.Ct. 2074, 135 L.Ed.2d 457 (1996); *Sones*, 61 F.3d at 416. *Murray*, 477 U.S. at 496, 106 S.Ct. at 2649; *Glover*, 128 F.3d at 904; *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir.1995); *Callins v. Johnson*, 89 F.3d 210, 213 (5th Cir.1996) quoting *McClesky*, 499 U.S. at 495, 114 S.Ct. at 1471.

### *Cause and Prejudice*

In *Murray v. Carrier*, the Supreme Court explained that "cause" in this context refers to an impediment external to the defense: "[W]e think that the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external

to the defense impeded counsel's efforts to comply with the State's procedural rule. Without attempting an exhaustive catalog of such objective impediments to compliance with a procedural rule, we note that a showing that the factual or legal basis for a claim was not reasonably available to counsel, or that some interference by officials made compliance impracticable, would constitute cause under this standard. *Id.* at 488, 106 S.Ct. at 2645 (internal citations omitted)." Petitioner can show neither cause nor prejudice.

### *Miscarriage of Justice*

In order for a *habeas corpus* petitioner to avoid a procedural default by showing a fundamental miscarriage of justice, he must assert his actual innocence by showing that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 106 S.Ct. 2639, 2649, 91 L.Ed.2d 397 (1986); *Glover*, 128 F.3d at 904. To support such an exception, the petitioner must allege that as a factual matter he did not commit the crime. *Corwin v. Johnson*, 150 F.3d 467, 473 (5 Cir.1998); *Ward v. Cain*, 53 F.3d 106, 108 (5 Cir.1995). Thus, the petitioner must make a "colorable showing of factual innocence." *Callins v. Johnson*, 89 F.3d 210, 213 (5th Cir.), *cert. denied*, 519 U.S. 1017, 117 S.Ct. 530, 136 L.Ed.2d 416 (1996) quoting *McClesky v. Zant*, 499 U.S. 467, 495, 114 S.Ct. 1454, 1471, 113 L.Ed.2d 517 (1993). Petitioner has not shown that a fundamental miscarriage of justice as a result of this court's failure to consider his defaulted claims.

### 4. Merits

Finally, petitioner's claims for relief are manifestly without merit. He claims that the attorney who represented him at the habitual offender adjudication rendered ineffective assistance when he failed to quash the habitual offender bill of information. The Bill of

Information identified the predicate offense of "illegal use of a weapon" – a charge that petitioner was convicted of on May 5, 2008. [Doc. 1-2, p. 4] Petitioner is of the mistaken belief that his felony conviction for that offense may not be used as a predicate felony under Louisiana's habitual offender law. In support of his argument he cites *State v. Baker*, 2006-2175 (La. 10/16/2007), 970 So.2d 948. However, *Baker* did not prohibit petitioner's adjudication as a second felony offender. Indeed the case held, "... that a sentence imposed under La. R.S. 14:95.1 may be enhanced under the habitual offender law, as long as the prior felony conviction used as an element in the firearm conviction is not also used as a prior felony conviction in the multiple offender bill of information." *Baker* at 957.

Counsel did not render ineffective assistance when he failed to file a non-meritorious or futile motion. *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990), *citing Murray v. Maggio*, 736 F.2d 279, 283 (5th Cir. 1984). In other words, even if petitioner were permitted to pursue his time-barred, unexhausted, and procedurally defaulted claims, he would not be entitled to federal *habeas corpus* relief.

### *Recommendation*

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another

party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. §2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Monroe, Louisiana, July 21, 2015.

_____
**KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE**